UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| BRIANNA PETERSON,<br><br>    Plaintiff,<br><br>v.<br><br>AMERICAN GENERAL LIFE INSURANCE COMPANY,<br><br>    Defendant. | Case No. 3:23-cv-779<br><br>Hon. |

## NOTICE OF REMOVAL

PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant American General Life Insurance Company n/k/a Corebridge Financial ("American General") removes the above-captioned action from the Burnett County Circuit Court, Wisconsin, where it was filed as *Brianna Peterson v. American General Life Insurance Company*, Case No. 2023CV000127, to the United States District Court for the Western District of Wisconsin. As set forth below, this action is properly removed because Defendant has complied with the statutory requirements for removal under 28 U.S.C. §§ 1441 and 1446, and this Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332.

### NOTICE OF REMOVAL COMPLIES WITH THE STATUTORY REQUIREMENTS UNDER 28 U.S.C. § 1446

1. On October 6, 2023, Plaintiff Brianna Peterson filed a Complaint in the Burnett County Circuit Court, *Brianna Peterson v. American General Life Insurance Company*, Case No. 2023CV000127 (the "State Court Action"). A true and correct copy of all process, pleadings, and orders served upon the Defendant in the State Court Action are attached as **Exhibit A**, as required by 28 U.S.C. § 1446(a).

2. No orders have been filed in the State Court Action.

3. On October 10, 2023, American General was served with a copy of the State Court Action Summons and Complaint.

4. Plaintiff's Complaint in the State Court Action is based on Plaintiff's claim to accidental death benefits in the amount of $100,000 under policy number YMC0139202 ("the Policy") issued by American General to Carl D. Peterson. Plaintiff alleges that her father, Carl, was involved in an accident on January 27, 2020, fell and broke his neck, became a quadriplegic, and subsequently died. Exhibit A, Compl. at ¶ 4.

5. Upon information and belief, the insured under the Policy, Carl D. Peterson, resided in Burnett County, Wisconsin.

6. Plaintiff alleges that she is the beneficiary of the Policy, that a claim for benefits was properly submitted, and that American General breached the contract. *Id*. at ¶¶ 3-6.

7. Pursuant to 28 U.S.C. § 1441(a), "[a]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or defendants, to the district court of the United States for the district and division embracing the place where such action is pending."

8. Plaintiff filed this action in the Burnett County Circuit Court which is located within the Western District of Wisconsin. *See* 28 U.S.C. § 130(b). Accordingly, this action may be removed to this district and division, as the "district and division embracing the place where [the] action is pending." *See* 28. U.S.C. § 1441(a).

9. This Notice is timely filed under 28 U.S.C. § 1446(b). Defendant was served with the Complaint on October 10, 2023. This Notice of Removal is thus filed within thirty days of service of the Complaint as required by 28 U.S.C. § 1446(b).

10. Pursuant to 28 U.S.C. § 1446(d), separate copies of this Notice of Removal are being sent to the parties that have appeared in the State Court Action.

11. Pursuant to 28 U.S.C. § 1446(d), Defendant will promptly file a copy of this Notice of Removal with the Clerk of Court of Burnett County Circuit Court.

12. Based on the amount at issue in Plaintiff's claim, as well as the amount of coverage available under the Policy, the amount in controversy is in excess of $75,000, exclusive of interest and costs.

### THIS COURT HAS JURISDICTION UNDER 28 U.S.C. § 1332(a)

13. This Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332(a).

14. Federal courts have original jurisdiction over actions whenever: (1) the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs; and (2) is between citizens of different states. *See* 28 U.S.C. § 1332(a)(1).

15. The requirements of 28 U.S.C. § 1332(a)(1) are satisfied here. There is complete diversity of citizenship between Plaintiff and Defendant, and Plaintiff seeks monetary damages in excess of $75,000 for damages allegedly sustained. Exhibit A, Compl. ¶¶ 3-6.

#### Plaintiff and Defendant are Diverse

16. American General is, and at all times relevant to this action has been, a Texas Corporation with its principal place of business located in Texas. *See* Exhibit A, Compl. ¶ 2. For purposes of diversity jurisdiction, a corporation is a citizen of the state in which it is incorporated and the state in which its principal place of business is located. *See* 28 U.S.C. § 1332(c)(1).

17. Plaintiff alleges in her Complaint that she is a resident of the State of Alabama. *See* Exhibit A, Compl. at ¶ 1.

18. There is, accordingly, complete diversity between Plaintiff and Defendant sufficient to satisfy the requirement of 28 U.S.C. § 1332(a)(1). Plaintiff is not, and was not at the time the State Court Action was filed, a citizen of Wisconsin. Defendant is now, and was at the time the State Court Action was filed, a citizen of Texas. Thus, the State Court Action may be removed to this Court under 28 U.S.C. § 1441(a).

### Plaintiff's Allegations Regarding Damages Satisfy the Amount in Controversy Requirement

19. As stated above, Plaintiff alleges that she has suffered monetary damages due to Defendant's alleged failure to pay $100,000 in insurance policy proceeds due and owing to Plaintiff under the American General Policy. Exhibit A, Compl. at ¶¶ 3-6.

20. The amount in controversy requirement of 28 U.S.C. § 1332(a) is accordingly satisfied.

### DEFENDANT'S RESERVATION OF RIGHTS

21. Defendant files this Notice of Removal without waiving any defenses, objections, exceptions, or obligation that may exist in its favor in either state or federal court. Defendant will file its answer or other objections within the time period permitted under Federal Rule of Civil Procedure 81.

22. In making the allegations in this Notice of Removal, Defendant does not concede in any way that the allegations in the Complaint are true, that Plaintiff has asserted claims upon which relief can be granted, or that recovery of the amount sought is authorized or appropriate.

23. Defendant further reserves the right to amend or supplement this Notice of Removal. If any questions arise as to the propriety of the removal of this action, Defendant expressly requests the opportunity to present a brief, oral argument, and any further evidence necessary in support of its position that this action is removable.

24. The undersigned has read this Notice of Removal and, to the best of the undersigned's knowledge, formed after reasonable inquiry, it is well-grounded in fact, is warranted by existing law and is not interposed for any improper purpose.

Dated: November 9, 2023          /s/ Nina G. Beck
                                 Nina G. Beck
                                 WI State Bar No. 1079460
                                 GODFREY & KAHN, S.C.
                                 833 E. Michigan Street, Suite 1800
                                 Milwaukee, Wisconsin 53202
                                 (414) 273-3500
                                 nbeck@gklaw.com

                                 Michelle Thurber Czapski (*pro hac vice application forthcoming*)
                                 Michigan State Bar No. P47267
                                 BODMAN PLC
                                 201 W. Big Beaver Road, Suite 500
                                 Troy, Michigan 48084
                                 (248) 743-6000
                                 mczapski@bodmanlaw.com

                                 *Attorneys for Defendant American General Life n/k/a Corebridge Financial*

**CERTIFICATE OF SERVICE**

      I hereby certify that on November 9, 2023, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system.

      and

      I hereby certify that on November 9, 2023, I have mailed by United States Postal Service the foregoing paper to the following:

> Jason M. Whitley
> Novitzke, Gust, Sempf, Whitley & Bermanis
> 314 Keller Avenue North, Suite 200
> Amery, WI 54001

Dated: November 9, 2023

*/s/ Nina G. Beck*
Nina G. Beck
GODFREY & KAHN, S.C.
WI State Bar No. 1079460
833 E. Michigan Street, Suite 1800
Milwaukee, Wisconsin 53202
(414) 273-3500
nbeck@gklaw.com

30214172.2